James D. Hopkins, J.
Both the plaintiff and the defendant have moved for summary judgment. The action is unusual. The plaintiff was appointed in a mortgage foreclosure suit as receiver of the rents, issues, and profits with respect to the real property which was the subject of the action. By order of the court in that foreclosure suit the fees, disbursements, and moneys advanced by the plaintiff in his capacity as receiver were fixed, and the plaintiff in that suit (the defendant here) was directed to pay the sum of $576.78, the total amount so fixed, to the receiver. The order of the court was made pursuant to the provisions of section 1547-a of the Civil Practice Act, which permits the court to direct payment of the allowance granted to the receiver to be made by the party who moved for the appointment of the receiver.
*1071 This action was brought when the defendant herein failed to pay the sum allowed by the order of the court. It appears that the defendant is a nonresident, and that in the instant action an attachment of the real property owned by the defendant as a result of the foreclosure suit was obtained by the plaintiff.
The defendant resists plaintiff’s motion for summary judgment on two grounds, both of which he also invokes as reasons for summary judgment dismissing the complaint in his favor: (1) that no action lies to recover the amount due under the order; and (2) that a copy of the order, with notice of entry, was not served on the attorney for the defendant. These contentions are considered in order.
1. The defendant in his argument on the first point relies on rule 74 of the Buies of Civil Practice. He claims that as the court did not direct the sum fixed as an allowance to be docketed as a judgment, the plaintiff’s sole recourse is by way of a contempt proceeding. Since the defendant is a nonresident, a contempt proceeding would be a futility.
Although I have not been able to find any authority on the subject, it is my opinion that an action would lie for the amount fixed by the court. The compensation and reimbursement of a receiver for his expenses are properly determined in the action in which he was appointed (East Riv. Sav. Bank v. Giangrasso, 8 A D 2d 597). Once fixed, the allowance is a lien on the funds in the hands of the receiver (13 Carmody-Wait, New York Practice, § 63, p. 462), Absent a fund, the court has statutory power to direct payment by the party who instigated the receivership (Civ. Prac. Act, § 1547-a; Land v. Esrig, 43 N. Y. S. 2d 623). Thus, the defendant’s obligation to the plaintiff is recognized and the plaintiff may enforce the obligation by the methods open to him under the law. That other remedies are open does not preclude a recovery by action, particularly when such other remedies are in fact useless, in view of the defendant’s nonresidence. Moreover, the record here shows that the plaintiff used his own funds for the repair and upkeep of the property. In justice, therefore, an action should lie for the sum allowed by the court.
2. The defendant in his second point does not deny that the order was not served on his attorney; he denies that a notice of entry was served. Thus he argues that his time to appeal from the order has not expired. The plaintiff states that a notice of entry was served with the order. But whether the defendant’s time to appeal has lapsed or not is not an issue in this action. The order fixing the receiver’s allowance has been made and is outstanding; the obligation of the defendant so *1072 determined continues until the order is reversed. If reversed on appeal, the defendant may obtain restitution (Civ. Prac. Act, § 587).
It follows from the foregoing that the plaintiff’s motion for summary judgment is granted, and the defendant’s motion is denied.